

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

TONY YOUNG,                          §
             Plaintiff,              §
                                 §
vs.                                  §    CIVIL ACTION NO. 8:13-2185-MGL-KFM
                                 §
GREENWOOD COUNTY DETENTION           §
CENTER and GREENWOOD COUNTY          §
SHERIFF'S OFFICE,                    §
             Defendants.             §

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AS TO PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS,
DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER
PLAINTIFF'S STATE LAW CLAIMS, AND REMANDING THE CASE TO THE
GREENWOOD COUNTY COURT OF COMMON PLEAS**

      This case was filed as a 42 U.S.C. § 1983 action.  Plaintiff is proceeding pro se.  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment as to Plaintiff's claims under 42 U.S.C. § 1983 be granted, the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims but, instead, remand the case to the Greenwood County Court of Common Pleas.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

      The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 11, 2015, but Plaintiff failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Defendants' motion for summary judgment as to Plaintiff's claims under 42 U.S.C. § 1983 is **GRANTED**. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Instead, the case is **REMANDED** to the Greenwood County Court of Common Pleas for consideration of Plaintiff's those claims.

**IT IS SO ORDERED**.

Signed this 5th day of January, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.